IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 3:22-cr-00084-02-JMK |
| vs. | |
| TYRONE HAMPTON, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| Defendant. | |

Before the Court is Mr. Hampton's Motion for Reconsideration ("Motion") at Docket 49. The Motion does not specify what decision the Court should reconsider. However, the Court infers that Mr. Hampton wishes the Court to reconsider its oral ruling continuing trial and finding excludable delay at the hearing held on December 20, 2022. Mr. Hampton asserts that "the Speedy Trial clock began to run on the date the original complaint was filed."[1] Mr. Hampton cites to 18 U.S.C. § 3161(c)(1) and *United States v. Alvarez-Perez*, 629 F.3d. 1053 (9th Cir. 2010). The United States opposes the Motion.[2] Mr. Hampton filed a robust reply.[3]

---

[1] Docket 49 at 1.
[2] Docket 73 at 5. Per Local Criminal Rule 47.1(g)(3), a response to a motion to reconsider should not be filed unless invited by the court. Accordingly, the Court will not consider the United States' response in its decision.
[3] Docket 89. Per Local Criminal Rule 47.1(d) reply memorandum shall not be filed unless ordered by the court. The Court did not invite or grant leave for Mr. Hampton to file a reply.

The Court may grant a motion for reconsideration only absent a showing of either: (1) a manifest error of law or fact; (2) the discovery of previously unavailable new material facts; or (3) an intervening change in the law.[4]

A defendant's 70-day Speedy Trial Act (STA) clock begins upon: (1) the filing of an information or an indictment, or (2) a defendant's appearance before a judicial officer, whichever is the later date.[5] The Indictment was filed October 20, 2022.[6] Mr. Hampton appeared before Magistrate Judge Scoble for arraignment on October 24, 2022.[7] Mr. Hampton's STA clock began October 24, 2022, in accordance with 18 U.S.C. § 3161(c)(1).

To the extent that Mr. Hampton is arguing that the STA clock should run from a complaint, this argument does not prevail. First, there is not a complaint in this case.[8] Secondly, to the extent Mr. Hampton argues that the STA clock should run from a state court complaint, this argument is not supported by law. A defendant's Sixth Amendment right to speedy trial attaches upon indictment.[9] The Ninth Circuit Court of Appeals' long-standing precedent establishes that only a federal arrest or accusation

---

Furthermore, Local Criminal Rule 47.1(g)(4) prohibits a reply on a motion for reconsideration unless requested by the Court. Accordingly, the Court will not consider the reply in its decision. Mr. Hampton is advised of these Local Rules for future motions practice.

[4] Local Criminal Rule 47.1(g).
[5] 18 U.S.C. § 3161(c)(1).
[6] Docket 2.
[7] Docket 14.
[8] *See* docket generally.
[9] *United States v. Mills*, 810 F.2d 907, 909 (9th Cir. 1987); *United States v. Meyers*, 930 F.3d 1113, 1118–19.

triggers the requirements of 18 U.S.C. § 3161.[10] Any restraint on Mr. Hampton's liberty caused by the State of Alaska, even if for the same alleged conduct, is irrelevant to the federal speedy trial analysis, because that arrest was for a violation of state law.[11]

Lastly, the Court's prior findings of excludable delay were proper under 18 U.S.C. §§ 3161(h)(6), (h)(7)(A), and (h)(7)(B)(i).

Mr. Hampton has not shown a manifest error of law, new material facts, nor an intervening change to the law to challenge the Court's prior rulings. Therefore, the Motion for Reconsideration at Docket 49 is **DENIED**.

**IT IS SO ORDERED** this 27th day of March, 2023, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
United States District Judge

---

[10] *United States v. Adams*, 694 F.2d 200, 202 (9th Cir. 1982) (holding "only a federal arrest will trigger the running of the time period set forth in 18 U.S.C. § 3161[.]").

[11] *United States v. Cordova*, 537 F.2d 1073, 1075–76 (holding that the separate sovereign doctrine permits state and federal governments to bring criminal charges on the same prohibited conduct, but a defendant's Sixth Amendment right to speedy trial only activates at the time of the federal accusation).

*United States v. Hampton*　　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:22-cr-00084-02-JMK
Order Denying Motion for Reconsideration　　　　　　　　　　　　　　　　　　　　　　Page 3
Case 3:22-cr-00084-JMK-MMS   Document 133   Filed 03/27/23   Page 3 of 3