IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 3:22-cr-00084-JMK-MMS-2 |
| vs. | |
| TYRONE HAMPTON, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Defendant. | |

Before the Court at are Mr. Hampton's Motions to Suppress at Dockets 80, 107, 110, and 122. Mr. Hampton is a self-represented defendant. Docket 80 is the original Motion to Suppress, Dockets 107, 110, and 122 are amended Motions to Suppress. The motions were collectively referred to the Honorable Magistrate Judge Matthew M. Scoble. The Government responded in opposition at Dockets 92 and 110. Mr. Hampton lodged a reply at Docket 100. Judge Scoble issued his Final Report and Recommendation at Docket 126, in which he recommended that the motions be denied. Mr. Hampton filed an objection the Final Report and Recommendation at Docket 132.

The matter now is before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2] But as to those topics on which no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[3]

Mr. Hampton objects to the Final Report and Recommendation on two grounds. First, Mr. Hampton asserts that the Final Report and Recommendation overlooked or failed to consider his request for an evidentiary hearing at Docket 122. Second, Mr. Hampton asserts the suppression analysis overlooked or misconceived that "the investigator failed to disclose the fact that U.P.S./the shipper did not open the package." In support of these objections, Mr. Hampton relies on Alaska Court Rules 42(e)(1), (k)(1)(A), and (k)(1)(C).

As a threshold matter, the rules cited by Mr. Hampton are the Alaska Rules of Criminal Procedure, which govern criminal proceedings in Alaska state courts. These rules do not apply to a federal criminal proceeding. In federal court, [a]n evidentiary hearing only needs to be held when the movant (here, Mr. Hampton) alleges "facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that

---

[1] 28 U.S.C. § 636(b)(1)(C).
[2] *Id.*
[3] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

*United States v. Hampton*     Case No. 3:22-cr-00084-JMK
Order Adopting Report and Recommendation     Page 2
Case 3:22-cr-00084-JMK-MMS    Document 158    Filed 04/21/23    Page 2 of 3

contested issues of fact exist."[4] Put more concisely, a judge's decision to hold an evidentiary hearing is discretionary.[5] A judge is required to look at the grounds raised, and the facts presented by both sides. If the judge believes there are material, disputed facts, then an evidentiary hearing must be held.[6] The Court has reviewed the grounds raised by Mr. Hampton in his motions and in his objection. The Court further reviewed the oral arguments given on the motions on March 7, 2023, in front of Judge Scoble.[7] The Court finds that neither a general evidentiary nor a *Franks* hearing was necessary for this matter.[8]

The magistrate judge recommended that the Court deny the Motion(s) to Suppress. The Court has reviewed the Final Report and Recommendation and agrees with its analysis. Accordingly, the Court adopts the Final Report and Recommendation, and IT IS ORDERED that the Motions to Suppress at Dockets 80, 107, 110, and 122 are **DENIED**.

IT IS SO ORDERED this 21st day of April, 2023, at Anchorage, Alaska.

                                            */s/ Joshua M. Kindred*
                                            JOSHUA M. KINDRED
                                            United States District Judge

---

[4] *United States v. Cook*, 808 F.3d 1195, 1201 (9th Cir. 2015) (quoting *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000)).

[5] *United States v. Ramirez-Garcia*, 269 F.3d 945, 947 (9th Cir. 2001).

[6] *Howell*, 231 F.3d at 620.

[7] *See* Dockets 116 & 118. The Court reviewed the audio record of the arguments held in Anchorage Courtroom 5 before Judge Scoble.

[8] *United States v. Norris*, 942 F.3d 902, 909–10 (9th Cir. 2019) (articulating that "[t]o obtain a *Franks* hearing, a defendant must make a substantial preliminary showing that: (1) the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant," and (2) the false or misleading statement or omission was material, *i.e.*, necessary to finding probable cause." (internal quotations omitted)). *See also* Docket 110 at 22–26; Docket 122 at 19–24.

*United States v. Hampton*                                        Case No. 3:22-cr-00084-JMK
Order Adopting Report and Recommendation                          Page 3
Case 3:22-cr-00084-JMK-MMS   Document 158   Filed 04/21/23   Page 3 of 3