IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>vs.<br><br>TYRONE HAMPTON,<br><br>                     Defendant. | Case No. 3:22-cr-00084-JMK-MMS-2<br><br>**OMNIBUS ORDER** |

Before the Court are multiple motions from Mr. Hampton. As per the Court's oral order on September 21, 2023, pretrial motions from Mr. Hampton were unreferred from Chief Magistrate Judge Scoble, and the Government need not respond unless otherwise ordered.

I.     **Motions for Subpoena**

At Dockets 282, 298, and 311, Mr. Hampton requests the Court issue a subpoena to Michael Miller, the purported owner of UPS Store #6945 in Gilbert, Arizona, to produce a "complete receipt" for package 1ZF93W551573131392.

Federal Rule of Criminal Procedure 17(b) provides:

> Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity

> of the witness's presence for an adequate defense. If the court
> orders a subpoena to be issued, the process costs and witness
> fees will be paid in the same manner as those paid for witnesses
> the government subpoenas.

In plain language, this rule states that a defendant may file a motion, ex parte (meaning that only the Court sees it), explaining why the subpoena is needed for an adequate defense. Mr. Hampton's motions are not filed ex parte. Additionally, the motions do not describe why the subpoena is necessary for an adequate defense. Therefore, the Motion(s) for Subpoena at Dockets 282, 298, and 311 are **DENIED WITHOUT PREJUDICE**.

Mr. Hampton may refile his subpoena request and: (1) write ex parte above or before "Motion" on the motion form; and (2) explain why the subpoena is needed for an adequate defense. Any further subpoena requests will also have to comport with all aspects of Rule 17.

**II.    Motion to Suppress**

At Docket 297, Mr. Hampton filed a Motion to Suppress. Mr. Hampton contends that he has been subjected to warrantless seizures, due process violations under the Fourth and Fourteenth Amendments, evidence tampering under 18 U.S.C. § 2232, Destruction or Removal of Property to Prevent Seizure, and 18 U.S.C. §§ 1512(b)(2)(B) and (c)(1), Tampering with a Witness, Victim, or an Informant. In brief summary, Mr. Hampton argues that the two packages mailed via UPS at the core of this case were (1) illegally seized and searched; (2) altered or otherwise tampered with; (3) in a questionable chain of custody; (4) by state law enforcement officers, who (5) delivered this

*United States v. Hampton*  Case No. 3:22-cr-00084-JMK
Omnibus Order  Page 2
Case 3:22-cr-00084-JMK-MMS   Document 348   Filed 11/29/23   Page 2 of 11

constitutionally flawed evidence to federal agents. Therefore, all evidence in his case must be suppressed.

This is Mr. Hampton's third Motion to Suppress ("Motion"). The Court has reviewed the Motion, its reasoning, and the accompanying exhibits. The Court already has issued orders on Mr. Hampton's prior Motions to Suppress at Dockets 158 and 286. The Court notes that this Motion is not substantially different from prior Motions to Suppress.[1]

Local Criminal Rule 47.1(g) permits the Court to reconsider a prior decision, but only upon a showing of either: (1) a manifest error of law or fact; (2) discovery of new materials facts that were not previously available; or (3) an intervening change of the law occurs. Procedurally, a motion for reconsideration must be limited to five pages and be filed either five days after the entry of the prior order or 14 days after the discovery or change in law.[2] Mr. Hampton's Motion advances the same facts and requests the same relief. The Motion does not provide new material facts or an intervening change of law. Generously, the Court could construe Mr. Hampton's Motion to argue that the prior orders contain a manifest error of law. However, the Court does not agree. As a motion for reconsideration, the Motion to Suppress at Docket 278 must be denied.

Even if the Court considered the Motion as unique, the Court would still deny the Motion. Mr. Hampton requests the Court to look at the typographical styling of search warrants and subsequent police reports to narrow these warrants to an implausible and

---

[1] *See* Dockets 80, 107, 110, 112, 208.
[2] Local Criminal Rule 47.1(g)(2).

impractical scope—his person.³ Simply, the Court disagrees with Mr. Hampton's reading of these documents and does not accept that premise. Mr. Hampton requests the Court to question the UPS workers and law enforcement communications and chain of custody regarding the first fentanyl package. Again, the Court disagrees with Mr. Hampton's interpretation and does not accept that premise. By that extension, Mr. Hampton's "silver platter doctrine" argument cannot carry the day.⁴ While Mr. Hampton may disagree, the Court once again rules, that the first and second packages were not subject to an illegal search or seizure by Alaska State Troopers.

Additionally, the evidence tampering argument fails for two reasons. First, the statutes cited by Mr. Hampton describe a violation of the law committed by an individual to conceal or alter evidence relevant to investigations or prosecutions by the United States Government.⁵ A private citizen or individual cannot invoke these statutes to impose liability or "corruption" by law enforcement.⁶ Second, long-standing precedent dictates that law enforcement may warrantlessly install a tracking device into a container or package that contains contraband, and deliver the container or package to a suspect, as long as the law enforcement officers are in lawful possession of the package at the time of installation or delivery.⁷

---

³ Docket 278 at 8–10.
⁴ Docket 287 at 24–30; *see also Elkins v. United States*, 364 U.S. 206, 223–24 (1960).
⁵ *See* 18 U.S.C. § 2232; *see* 18 U.S.C. § 1512.
⁶ *See* Docket 278 at 12–20.
⁷ *United States v. Dubrofsky*, 581 F.2d 208, 211 (9th Cir. 1978); *see also United States v. Rosario*, 2017 WL 907611 at *10–11 (D. Alaska Feb. 17, 2017).

*United States v. Hampton*  Case No. 3:22-cr-00084-JMK
Omnibus Order  Page 4
Case 3:22-cr-00084-JMK-MMS   Document 348   Filed 11/29/23   Page 4 of 11

The Court, for the third time, finds that neither an illegal seizure, nor an illegal search occurred in this case. Accordingly, the Motion to Suppress at Docket 297 is **DENIED**. The Court has conducted two *de novo* reviews of Mr. Hampton's suppression issues, and one independently. The Court respects Mr. Hampton's attention to detail and his right to present a defense. However, a core function of a trial court is to adjudicate issues. Repetitive arguments on the same issue are not in the interest of justice or judicial economy. Additional suppression motions may be summarily denied if they do not present the Court with a unique argument or demonstrate a (1) a manifest error of fact or law; (2) newly discovered material facts; or (3) an intervening change in law to merit reconsideration of the Court's prior rulings.

### III. Motion for Evidentiary Hearing

At Docket 312, Mr. Hampton filed a Motion for Evidentiary Hearing ("Motion"). He requests an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and for the Court to subpoena five law enforcement officers and three UPS employees. Mr. Hampton argues that the search warrant affidavits by Investigators Noll, Gault, and Kirksey "are questionable to say the [least]," because they presented a logically inconsistent timeline to the approving magistrate.[8] Mr. Hampton also argues that the affidavits demonstrate a contestable fact as to which officer identified the first package as containing fentanyl. In support of this Motion, Mr. Hampton presents five search warrant affidavits ("affidavits") and a document titled "Investigation Timeline."[9]

---

[8] Docket 312 at 22.
[9] *Id.* at 28–93 (provided exhibits).

The five affidavits state that UPS contacted the Statewide Drug Enforcement Unit of the Alaska State Troopers on April 27, 2022, at approximately 1530 hours.[10] Specifically, UPS notified the Anchorage Airport Interdiction Team of an undeliverable package that had been deemed suspicious.[11] The affidavits report other investigative actions that occurred, subsequently on April 27, 2022, at times of day that make the initial statement implausible. The Investigation Timeline, purportedly written by a UPS employee, indicates that UPS contacted the Alaska State Troopers on April 26, 2022.[12]

*Franks v. Delaware* permits a defendant to contest the validity of the search warrant.[13] Using a two-prong analysis, the defendant must make a "substantial preliminary showing" of (1) a false or misleading statement or omission by the warrant affiant made knowingly, intentionally, or with reckless disregard; and (2) that the statement or omission was material, or necessary, to finding probable cause.[14] Probable cause is determined by a totality of the circumstances.[15] Probable cause exists if it would be reasonable to seek the evidence in the place indicated in the affidavit.[16]

The Court has extensively reviewed the provided exhibits. The Investigation Timeline confirms that UPS notified the Alaska State Troopers on April 26, 2022. Logically, it follows that these affidavits contain a typographical error—April 27 instead

---

[10] *Id.* at 35, 48, 59, 71, 85.
[11] *Id.* at 35, 48, 59, 71, 85.
[12] *Id.* at 92–93.
[13] *Franks v. Delaware*, 438 U.S. 154 (1978).
[14] *Id.* at 155–56; *United States v. Norris*, 942 F.3d 902, 909–10 (9th Cir. 2019).
[15] *Illinois v. Gates*, 462 U.S. 312, 230–31 (1983).
[16] *United States v. Fisher*, 56 F.th 673, 683–84 (9th Cir. 2022) (quoting *United States v. Wong*, 334 F.3d 831, 836 (9th Cir. 2003)).

*United States v. Hampton*  Case No. 3:22-cr-00084-JMK
Omnibus Order  Page 6
Case 3:22-cr-00084-JMK-MMS   Document 348   Filed 11/29/23   Page 6 of 11

of April 26. The affidavits contain significant reporting of investigative actions.[17] The Court does not find the inconsistency of the notice date to be material to the finding of probable cause. Further, the Court does not find any indication that this error in date amounts to a false statement having been made with knowing, intentional, or reckless disregard. This date error is a minor detail that does not impact the totality of the circumstances in supporting probable cause. The Court also notes that this is not the entire body of search warrant affidavits in this case.[18]

    Similarly, Mr. Hampton's second argument regarding Alaska State Troopers Cronin, Gault, Bressler, and several UPS employees fails. Here, Mr. Hampton requests the Court take supplemental information from UPS's own internal documentation and apply it as prima facie evidence to undermine the findings of probable cause. Mr. Hampton does reference additional discovery documents, but those are not provided.[19] The Court does not agree with Mr. Hampton. Neither the UPS Investigation Timeline, nor Mr. Hampton's other referenced evidence that was not included, is persuasive. The Court notes that there is a difference in the supporting documents as to which officer identified that the first package contained fentanyl.[20] Specifically, the affidavits by Investigators Noll and Kirskey name Sgt. Cronin as the identifying officer; whereas Investigator Gault names himself, and UPS names Gault and Bressler. The Court does not find that UPS employees

---

[17] Docket 312 at 28–92.
[18] *Id.* at 58.
[19] *Id.* at 24–26.
[20] *Id.* at 35, 49, 60, 71, 85, 93.

*United States v. Hampton*   Case No. 3:22-cr-00084-JMK
Omnibus Order   Page 7
Case 3:22-cr-00084-JMK-MMS   Document 348   Filed 11/29/23   Page 7 of 11

interacting with a flagged, suspicious package breaks the chain of custody or creates false or misleading statements in the law enforcement affidavits.

Mr. Hampton did not present a substantial preliminary showing to merit a *Franks* hearing. Accordingly, the Motion for Evidentiary Hearing at Docket 312 is **DENIED**.

## IV. Motion to Dismiss

At Docket 314, Mr. Hampton requests this Court exercise its supervisory powers and dismiss this action. Briefly, Mr. Hampton requests the Court dismiss the Second Seceding Indictment, because the Chief Magistrate allegedly violated procedural safeguards in this case. The Court does not agree and will not dismiss this action.

Mr. Hampton attempts to argue that this Court's Speedy Trial Act findings impacts pretrial motions deadlines. This argument fails, because of a simple misapplication of 18 U.S.C. § 3161. The Speedy Trial Act, codified at 18 U.S.C. § 3161, governs the broad timeline criminal litigation must progress upon. By statute, the Government must bring a defendant subject to a criminal indictment to trial within a statutorily set number of days.[21] However, many exceptions may cause time to be excluded time from this calculation.[22] Mr. Hampton is correct that this Court has found excludable delay at hearings in this case. Chief Magistrate Judge Scoble set and reset pretrial motions deadlines in this case. This Court's excludable delay findings do not exclude time from these deadlines. Pretrial deadlines for discovery, motions, experts, or other litigation

---

[21] 18 U.S.C. § 3161(c).
[22] 18 U.S.C. § 3161(h).

*United States v. Hampton*     Case No. 3:22-cr-00084-JMK
Omnibus Order     Page 8
Case 3:22-cr-00084-JMK-MMS    Document 348    Filed 11/29/23    Page 8 of 11

practices are only impacted by excludable delay findings in that litigation continues beyond statutorily mandated time frame as it had been previously calculated. Pretrial deadlines may be extended by the issuing judge to accommodate litigation.

Mr. Hampton's argument fails as a matter of law, because an excludable delay finding does not automatically trigger a re-setting or re-calculation of pretrial deadlines. To the extent Mr. Hampton relies on other criminal statutes, as addressed above, those statutes are not available to him to prosecute his arguments. The Court has wholly reviewed his constitutional arguments and the exhibits presented and does not find procedural violations meriting dismissal of this action. Mr. Hampton's motions practice remains unimpeded, his constitutional rights remain intact. The Motion to Dismiss at Docket 314 is **DENIED**.

V. **Motion for Reconsideration**

At Docket 346, Mr. Hampton requests reconsideration of the Court's Order Adopting Reports and Recommendations at Docket 280. Mr. Hampton asserts that the Court did not consider his objections filed at Docket 278. Out of an abundance of caution and in the interest of justice, the Court reviewed Dockets 278 and 280 and concurs that Mr. Hampton's objections were not previously considered. The Court has reconsidered and reviewed Mr. Hampton's objections. However, Mr. Hampton's objections do not change the Court's analysis or adoption of the Final Report and Recommendation.[23] The Order Adopting and Report and Recommendations stands, the Motions to

---

[23] *United States v. Ramos*, 65 F.4th 427, 434 (9th Cir. 2023) (articulating that "the district court ha[s] no obligation to provide individualized analysis of each objection.").

Suppress/Dismiss at Dockets 208, 214, and 266 remain denied. Thusly, the Motion for Reconsideration at Docket 346 is **GRANTED IN PART and DENIED IN PART**.

## VI. Motion to Object

At Docket 347, Mr. Hampton objects to Chief Magistrate Judge Scoble's Order on Motions for Extension and to Suppress at Docket 257. Docket 257 denies Mr. Hampton's request for leave to file two untimely motions to suppress on previously adjudicated issues. First, Docket 257 is not a final report and recommendation; therefore, the objection process does not apply.[24] Rather, this is a pretrial matter delegated by this Court pursuant to 28 U.S.C. § 636(b)(1)(A). By this statute, a district court judge may reconsider a pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Second, this request is very untimely. Local Criminal Rule 47.1(g)(2) requires a motion to reconsider be filed within five days. Docket 257 issued on August 10, 2023. Lastly, Mr. Hampton has filed subsequent motions to suppress, as addressed above, making his request moot. This motion is both procedurally and substantively flawed. Accordingly, the Motion to Object at Docket 347 is **DENIED**.

## VII. Conclusion

Mr. Hampton's substantive motion practice in this action is extensive. The Court appreciates Mr. Hampton's dedication and diligence in pursuing his defense. The Court cautions Mr. Hampton from filing duplicative motions on the same issues or facts.

---

[24] 28 U.S.C. § 636(b)(1)(A).

If previously adjudicated issues continue to be raised, the Court may begin to issue summary denials in the interest of justice and judicial economy.

**IT IS THEREFORE ORDERED:**

1. The Motions for Subpoena at Dockets 282, 298, and 311 are **DENIED WITHOUT PREJUDICE. The Court grants leave to refile.**

2. The Motion to Suppress at Docket 297 is **DENIED**.

3. The Motion for Evidentiary Hearing at Docket 312 is **DENIED**.

4. The Motion to Dismiss at Docket 314 is **DENIED**.

5. The Motion for Reconsideration at Docket 346 is **GRANTED IN PART and DENIED IN PART**.

6. The Motion to Object at Docket 347 is **DENIED**.

IT IS SO ORDERED this 29th day of November, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*United States v. Hampton* Case No. 3:22-cr-00084-JMK
Omnibus Order Page 11
Case 3:22-cr-00084-JMK-MMS   Document 348   Filed 11/29/23   Page 11 of 11