IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>TYRONE HAMPTON,<br><br>　　　　　　　　　　Defendant. | Case No. 3:22-cr-00084-JMK-MMS-2<br><br>**OMNIBUS ORDER** |

　　　　Before the Court are multiple motions from Mr. Hampton. As per the Court's oral order on September 21, 2023, pretrial motions from Mr. Hampton were unreferred from Chief Magistrate Judge Scoble. The Court addresses each in turn.

I.　　**Motion to Dismiss**

　　　　At Docket 351, Mr. Hampton moves to dismiss the instant case with prejudice for violations of the right to counsel, procedural and substantive due process, and lack of jurisdiction pursuant to 5 U.S.C. § 556(d). The Government responded in opposition at Docket 360. At Docket 373, Mr. Hampton conventionally files an audio recording for the Court's review. At Docket 374, Mr. Hampton submits a notice of the late filed recording. As a preliminary matter, the Court **GRANTS** the Motion for Notice of

Conventional of Filing at Docket 373 and the Motion for Notice of Late Conventional Filing at Docket 374.

**(a)    Jurisdiction**

Title 5 United States Code section 556 is one of the many codified statutes that are collectively referred to as the Administrative Procedure Act ("APA").[1] The APA governs how federal agencies develop and implement regulations. Specifically, this involves the procedures for notice and public comment on proposed and final regulatory rule decisions.[2] The APA, including 5 U.S.C.§ 556(d), does not apply to criminal prosecutions.

A federal district court "shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."[3] The Government alleges that Mr. Hampton took actions in violations of several federal criminal drug statutes within the District of Alaska.[4] This Court has proper jurisdiction of this criminal action.

**(b)    Rights to self-representation, be present, and counsel**

The Court has conducted independent review of the briefing and exhibits. In short summary, the Court adopts the Government's reasoning in its entirety.[5] The Court finds no indication that the Superior Court of Alaska violated Mr. Hampton's substantive or procedural rights.

---

[1] 5 U.S.C. § 551, *et seq*.
[2] 5 U.S.C. § 551–559.
[3] 18 U.S.C. § 3231.
[4] Docket 156; 18 U.S.C. § 3232.
[5] Docket 360 at 3–6.

*United States v. Hampton*  Case No. 3:22-cr-00084-JMK
Omnibus Order  Page 2
Case 3:22-cr-00084-JMK-MMS   Document 422   Filed 05/03/24   Page 2 of 9

The Motion to Dismiss at Docket 351 is **DENIED**.

## II. Motion to Compel

At Docket 353, Mr. Hampton requests that this Court compel the Government to produce the email and affidavit of Jared Noll to Judge Brian Clark. The Government responded at Docket 361, producing the documents and noting it previously had provided these documents to Mr. Hampton during discovery. Accordingly, the Motion to Compel at Docket 353 is **DENIED AS MOOT**.

## III. Motion to Suppress

At Docket 357, Mr. Hampton moves to suppress evidence in this case. Mr. Hampton discusses case law focused on the product of searches conducted by state officials later used by federal authorities.[6] Further, Mr. Hampton asserts that evidence exists to support the contention that he was residing at Apartment #4, thus triggering heightened privacy protections under the Fourth Amendment.[7] The Government responded in opposition at Docket 362.

For the fourth time, the Court finds that a violation of the Fourth Amendment did not occur in this case. The Court reviewed Mr. Hampton's exhibits and his cited caselaw. The Court does not find a sufficient factual or legal basis to reconsider its prior rulings on suppression.[8] The Court adopts the Government's reasoning in its entirety. Moreover, the Court has conducted an independent review and concurs with its prior

---

[6] Docket 357 at 5–11.
[7] *Id.* at 15–16.
[8] Local Criminal Rule 47.1(g).

*United States v. Hampton*     Case No. 3:22-cr-00084-JMK
Omnibus Order     Page 3
Case 3:22-cr-00084-JMK-MMS    Document 422    Filed 05/03/24    Page 3 of 9

findings at Docket 348 and within this Order. The Court declines to reconsider its prior findings.[9] Accordingly, the Motion to Suppress at Docket 357 is **DENIED**.

## IV. Motion to Suppress

At Docket 358, Mr. Hampton moves to suppress evidence in this case. Mr. Hampton revives his prior argument that suppression is appropriate because investigating officers tampered with one of the packages of drugs. Again, the Court does not find a sufficient factual or legal basis to reconsider its prior ruling at Docket 348. The Court adopts the Government's reasoning in its entirety. Additionally, the Court has conducted an independent review and concurs with its prior findings at Docket 348 and within this Order. The Court declines to reconsider its prior findings.[10] The Motion to Suppress at Docket 358 is **DENIED**.

## V. Motion to Challenge

At Docket 359, Mr. Hampton files a Motion to Challenge, which the Court interprets as a Motion to Suppress. Mr. Hampton requests "total suppression" of the evidence in this case because search warrant No. 3AN-22-01700SW did not describe with particularity "the controlled delivery, nor to the search for or seizure of a package."[11] The Government responded in opposition at Docket 364. The Court concurs and adopts the Government's reasoning. Further, the Court has conducted an independent review and

---

[9] *See* Local Criminal Rule 47.1(g).
[10] *Id.*
[11] Docket 359 at 9.

*United States v. Hampton*     Case No. 3:22-cr-00084-JMK
Omnibus Order     Page 4
Case 3:22-cr-00084-JMK-MMS    Document 422    Filed 05/03/24    Page 4 of 9

concurs with its prior findings at Docket 348 and within this Order. The Court declines to reconsider its prior findings.[12] The Motion to Challenge at Docket 359 is **DENIED**.

VI.     **Motion to Compel**

At Docket 367, Mr. Hampton requests the Court compel the Government to disclose the email response from Judge Clark to Investigator Jared Noll. The Government responded that it made the requested inquiry, but no potentially responsive emails were found.[13] Further, the Government included an exhibit of correspondence from Jared Noll, which represents that "the application was faxed and the approved warrant was faxed back."[14] Upon the Government's representation that there are no emails to compel, the Motion to Compel at Docket 367 is **DENIED**.

VII.    **Motion to Compel**

At Docket 386, Mr. Hampton requests the Court compel the Government disclose the faxed search warrant application, the approved search warrant, and "any supporting documents by Judge 'Brian Clark' on 4-27-2022, in reference to search warrant 3an-22-0100SW."[15] The Government responded in opposition on three grounds: (1) these materials already were provided in discovery; (2) Judge Clark did not send any supporting documents with the approved warrant; and (3) the Motion to Compel does not demonstrate materiality.[16] The Government's supporting exhibits demonstrate that these documents

---

[12] *See* Local Criminal Rule 47.1(g).
[13] Docket 368 at 2.
[14] Docket 368-1.
[15] Docket 386 at 2.
[16] Docket 387 at 2–4.

*United States v. Hampton*  Case No. 3:22-cr-00084-JMK
Omnibus Order  Page 5
Case 3:22-cr-00084-JMK-MMS   Document 422   Filed 05/03/24   Page 5 of 9

already are in Mr. Hampton's possession and no additional "supporting documents exist." Accordingly, the Motion to Compel at Docket 386 is **DENIED**.

## VIII. Motion to Compel

At Docket 391, Mr. Hampton files a third Motion to Compel on the same affidavit and warrant addressed in motions practice at Dockets 367, 368, 386, and 387. The Government responded in opposition.[17] The Court adopts the Government's reasoning in its entirety. The Motion to Compel at Docket 391 is **DENIED**.

## IX. Motion to Suppress

At Docket 396, Mr. Hampton files a Motion for Suppression Hearing. Mr. Hampton requests "the suppression of all evidence SEIZED under the unauthorized and or issuance of Search Warrant '3an-22-01700SW'" because "the warrant in question (3an-22-01700) is nothing more then [sic] an unauthorize[d] 'APPLICATION' accompanied by a fraudulent signature, and or search warrant."[18] The Government declined to respond. Mr. Hampton's argument reiterates the previously denied position that the warrant is fraudulent. The Court has conducted an independent review and concurs with its prior findings at Docket 348 and within this Order. The Court declines to reconsider its prior findings.[19] The Motion for Suppress Hearing at Docket 396 is **DENIED**.

---

[17] Docket 392.
[18] Docket 369 at 25.
[19] *See* Local Criminal Rule 47.1(g).

### X.   Motion for Judicial Notice

At Docket 404, Mr. Hampton files a Motion for Judicial Notice under Federal Rules of Evidence 201(c)(2) and (e).  Mr. Hampton requests the Court take judicial notice that "[t]he government cannot provide any supporting documents to confirm judicial approval of the warrant" or "provide any charging [documents] to support the warrants existence[.]"[20]

Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact."[21]  Federal Rule of Evidence 201 permits a trial court to take judicial notice of an adjudicative fact.[22]  An adjudicative fact is a fact that normally would go to a jury.[23]  These facts must be "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[24]  For example, "[m]aterials from a proceeding in another tribunal are appropriate for judicial notice."[25]

Mr. Hampton's request does not procedurally comport with the Federal Rules of Evidence.  For a trial court to take judicial notice, "even as a matter of common

---

[20]  Docket 404 at 8.
[21]  BLACK'S LAW DICTIONARY (11th ed. 2019); *Allergan USA, Inc. v. Prescribers Choice, Inc.*, 364 F. Supp. 3d 1089, 1095 (C.D. Cal., Jan. 11, 2019) (stating "'Judicial notice' is a court's recognition of the existence of a fact without the necessity of formal proof.").
[22]  *Grason Elec. Co. v. Sacramento Municipal Utility Dist.*, 571 F. Supp. 1504, 1521 (E.D. Cal. Sept. 23, 1983); *see also National Ass'n for Gun Rights v. Murry*, 969 F. Supp. 2d 1262, 1266 (D. Mont., Sept. 17, 2013).
[23]  *Id*.
[24]  Fed. R. Evid. 201(b).
[25]  *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005).

knowledge, is to take evidence."[26] Currently, this litigation is not at a stage to take evidence and decide facts normally reserved for a jury. Pretrial motions, such as motions to suppress or motions that challenge the validity of search warrants, test the bounds of preexisting law and criminal procedure. Furthermore, Mr. Hampton's request essentially is an end-run around the Court's prior decisions regarding the validity of search warrant 3AN-22-01700SW. This is not a proper request for judicial notice. Therefore, the Motion for Judicial Notice at Docket 404 is **DENIED**.

## XI. Motion for Partial Summary Judgment

At Docket 409, Mr. Hampton requests the Court grant partial summary judgment pursuant to Federal Rule of Civil Procedure 56. The Government declined to respond. As a threshold matter, this motion is untimely.[27] Secondly, Federal Rule of Civil Procedure 56 permits a trial court to dispose of civil claims in a civil action where no genuine issue of material fact exists and therefore the movant is entitled to judgment on the issue as a matter of law.[28] Importantly, civil actions and criminal prosecutions maintain different burdens of proof. Generally, civil actions require a plaintiff prove their claims by a preponderance of the evidence.[29] In contrast, a criminal prosecution requires the government prove the elements of a crime beyond a reasonable doubt—a significantly higher burden.[30] It would be fundamentally improper for the Court to apply Federal Rule

---

[26] *United States v. Briddle*, 212 F. Supp. 584, 589 (S.D. Cal. Dec. 27, 1962).
[27] Docket 407 at 2 (establishing March 8, 2024, as the deadline for dispositive motions).
[28] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[29] See *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1118–19 (9th Cir. 2018).
[30] *United States v. Velazquez*, 1 F.4th 1132, 1137 (9th Cir. 2021).

*United States v. Hampton*  Case No. 3:22-cr-00084-JMK
Omnibus Order  Page 8
Case 3:22-cr-00084-JMK-MMS   Document 422   Filed 05/03/24   Page 8 of 9

of Civil Procedure 56 as it relates to evidence or the elements of the criminal statutes in this action. Accordingly, the Motion for Partial Summary Judgment at Docket 409 is **DENIED**.

## CONCLUSION

To conclude, the Court **GRANTS** the Motion for Notice of Conventional of Filing at Docket 373 and the Motion for Notice of Late Conventional Filing at Docket 374. The Court **DENIES** the Motion to Dismiss at Docket 351; **DENIES AS MOOT** the Motion to Compel at Docket 353; **DENIES** the Motion to Suppress at Docket 357; **DENIES** the Motion to Suppress at Docket 358; **DENIES** the Motion to Challenge at Docket 359; **DENIES** the Motion to Compel at Docket 367; **DENIES** the Motion to Compel at Docket 386; **DENIES** the Motion to Compel at Docket 391; **DENIES** the Motion to Suppress at Docket 393; **DENIES** the Motion for Suppression Hearing at Docket 396; **DENIES** the Motion for Judicial Notice at Docket 404; and **DENIES** the Motion for Partial Summary Judgment at Docket 409.

The dispositive motions deadline closed on March 8, 2024. No further dispositive motions will be accepted by the Court.

IT IS SO ORDERED this 3rd day of May 2024, at Anchorage, Alaska.

                                          */s/ Joshua M. Kindred*
                                          JOSHUA M. KINDRED
                                          United States District Judge

*United States v. Hampton*  Case No. 3:22-cr-00084-JMK
Omnibus Order  Page 9
Case 3:22-cr-00084-JMK-MMS   Document 422   Filed 05/03/24   Page 9 of 9