# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> v.<br><br>TYRONE HAMPTON,<br><br>     Defendant. | Case No. 3:22-cr-00084-SLG-MMS-2 |

## ORDER RE DEFENDANT'S MOTION TO SUPPRESS

Before the Court at Docket 516 is Defendant Tyrone Hampton's Motion to Suppress. The United States ("the Government") responded in opposition at Docket 530-2, to which Mr. Hampton replied at Docket 537. For the reasons set forth below, Mr. Hampton's Motion to Suppress is **DENIED**.

## BACKGROUND

In April 2022, a United Parcel Service, Inc. ("UPS") parcel addressed from Tiffany Thompson to James Thompson at 1160 N. Elsinore Avenue in Wasilla, Alaska was unable to be delivered because the written address lacked an apartment number.[1] UPS security subsequently opened the package and identified in it what they believed to be controlled substances.[2] On April 27, 2022,

---

[1] Docket 530-3 at 7.

[2] Docket 530-3 at 7.

after receiving the package from UPS, the Alaska State Troopers Statewide Drug Enforcement Unit tested the parcel and confirmed its contents to be 2,700 fentanyl pills.[3] Shortly afterward, a person identifying herself as Tiffany Thompson called UPS inquiring after the package and stating that it had been intended for Apartment #4.[4] Alaska State Troopers then discovered that the owner of the apartment building had at one time reported suspected drug trafficking in Apartment #4, and further learned that Tyrone Hampton had expressed interest to the owner in buying the building, had given his contact information to the owner as the same phone number used by "Tiffany Thompson," and had previously paid unpaid back rent for Apartment #4.[5] Surveillance was established at Apartment #4, and the surveillance units observed Mr. Hampton sitting on the doorstep.[6]

Alaska State Trooper Sergeant Jared Noll prepared search warrant 3AN-22-01700SW ("the warrant") for the apartment.[7] Sgt. Noll provided the warrant to Wallace S. Kirksey to be notarized, but failed to sign his own name to the affidavit before doing so.[8] Sgt. Noll then sent the unsigned but notarized affidavit to the state trial court at 2:04 PM on April 27, 2022.[9] Judge Brian Clark reviewed the

---

[3] Docket 530-3 at 7.

[4] Docket 530-3 at 7.

[5] Docket 530-3 at 7-8.

[6] Docket 530-3 at 8.

[7] *See* Docket 530-3.

[8] *See* Docket 530-3 at 9.

[9] Docket 530-3 at 1. The warrant application appears to have been sent via email to a state court

Case No. 3:22-cr-00084-SLG-MMS-2, *U.S. v. Hampton*
Order re Defendant's Motion to Suppress
Page 2 of 13
Case 3:22-cr-00084-SLG-MMS    Document 577    Filed 11/04/24    Page 2 of 13

warrant, signed it, and sent it back at 2:23 PM.[10] Investigators then conducted a controlled delivery of the parcel to Apartment #4, executed the warrant, and arrested Mr. Hampton on an outstanding warrant from California.[11]

To date, Mr. Hampton has filed at least nine motions seeking to suppress the results of the search of Apartment #4[12] and an additional four motions to suppress related to the UPS security search and parcel tracking,[13] all of which have been denied by the Court.[14]

On August 15, 2024, Mr. Hampton filed his most recent motion seeking to suppress the results of the search of Apartment #4.[15] In it, Mr. Hampton asserts that the warrant should be suppressed because it was not signed by Sgt. Noll.[16] The Government responded in opposition on August 22, 2024, contending that Mr. Hampton lacked a reasonable expectation of privacy in Apartment #4 and that, in

---

email address. *See also* Docket 516-3 at 1.

[10] Docket 530-3 at 1.

[11] Docket 530-2 at 6.

[12] *See* Docket 80; Docket 107; Docket 110; Docket 122; Docket 198; Docket 232; Docket 357; Docket 359; Docket 393.

[13] *See* Docket 208; Docket 231; Docket 297; Docket 358.

[14] Docket 158 (denying Motions to Suppress at Dockets 80, 107, 110, and 122); Docket 199 (denying Motion to Suppress at Docket 198 as untimely); Docket 257 (denying Motions to Suppress at Dockets 231, 232); Docket 286 (denying Motion to Suppress at Docket 208); Docket 422 (denying Motions to Suppress at Dockets 357, 358, 359, 393).

[15] Docket 516.

[16] Docket 516 at 11.

Case No. 3:22-cr-00084-SLG-MMS-2, *U.S. v. Hampton*
Order re Defendant's Motion to Suppress
Page 3 of 13
Case 3:22-cr-00084-SLG-MMS   Document 577   Filed 11/04/24   Page 3 of 13

any case, the search was saved from suppression by the good faith exception.[17] Mr. Hampton also asserts that preparation of the warrant did not comply with the Federal Rules of Criminal Procedure,[18] to which the Government responds that, as a state warrant rather than a federal warrant, it need not have complied with the federal rules.[19] [20]

## LEGAL STANDARD

Pursuant to the Fourth Amendment of the U.S. Constitution, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." "Thus, where a warrant is issued unsupported by oath or affirmation, it is invalid under the Fourth Amendment."[21] The exclusionary rule provides that "evidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of the illegal search and seizure."[22] Where illegal evidence is being used

---

[17] Docket 530-2 at 8.

[18] Docket 516 at 10, 20.

[19] Docket 530-2 at 27.

[20] Mr. Hampton also seems to contest the very fact of the warrant's issuance. *See* Docket 516 at 9 ("[T]he warrant in question was not done by email . . . [so t]his Honorable Court can rest assure[d], that, the warrant in question was not presented in the presence of state court Judge 'Brian Clark.' Making the warrant in question 'impossible' to have been issued at all."). Regardless of whether Sgt. Noll could not recall if he had faxed or emailed the warrant application, it is clear that Judge Clark did approve and sign the warrant, and that it was indeed issued. *See* Docket 530-3. Elsewhere, Mr. Hampton asserts that the Government's indictment violated the Clean Hands Doctrine. *See* Docket 516 at 5. That doctrine applies when a litigant is seeking equitable relief, and as such it does not apply here. *See e.g.*, *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 244 (1933).

[21] *United States v. Vargas-Amaya,* 389 F.3d 901, 904 (9th Cir. 2004).

[22] *United States v. Calandra*, 414 U.S. 338, 347 (1974).

Case No. 3:22-cr-00084-SLG-MMS-2, *U.S. v. Hampton*
Order re Defendant's Motion to Suppress
Page 4 of 13
Case 3:22-cr-00084-SLG-MMS    Document 577    Filed 11/04/24    Page 4 of 13

in a criminal proceeding, a defendant may bring a motion to suppress the evidence prior to trial pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C).

Because "the exclusionary rule serves to deter deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence[,]"[23] the Supreme Court in *United States v. Leon* describes an exception to the exclusionary rule "[w]here the official action was pursued in complete good faith."[24] The *Leon* good faith exception[25] does not apply where:

> [(1)] the judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. . . . [(2)] where the issuing magistrate wholly abandoned his judicial role . . . [(3) where the affidavit is] so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. [(4) where the warrant is] so facially deficient – i.e., in failing to particularize the place to be searched or the things to be seized – that the executing officers cannot reasonably presume it to be valid.[26]

In addition, to be covered by the good faith exception, the officer's reliance on the subsequently invalidated search warrant must be objectively reasonable.[27]

The Federal Rules of Criminal Procedure and the Alaska Rules of Criminal Procedure further flesh out the Fourth Amendment warrant requirements.[28] When

---

[23] *Herring v. United States*, 555 U.S. 135, 144 (2009).

[24] *United States v. Leon*, 468 U.S. 897, 919 (1984) (internal quotation marks omitted) (quoting *United States v. Peltier*, 422 U.S. 531, 539 (1975)).

[25] *Herring*, 555 U.S. at 129.

[26] *Leon*, 468 U.S. at 923.

[27] *Leon*, 468 U.S. at 922.

[28] *See* Alaska R. Crim. 37; Fed. R. Crim. P. 41.

Case No. 3:22-cr-00084-SLG-MMS-2, *U.S. v. Hampton*
Order re Defendant's Motion to Suppress
Page 5 of 13
Case 3:22-cr-00084-SLG-MMS    Document 577    Filed 11/04/24    Page 5 of 13

the federal rules are violated, suppression is required only when that violation is "fundamental," and a violation is fundamental when it contravenes the Fourth Amendment.[29]

## DISCUSSION

### I. The Good Faith Exception Saves the Unsigned Affidavit from Suppression

Mr. Hampton first asserts that the warrant should be suppressed because it was never signed by a state trooper before being executed.[30] The Government acknowledges that the warrant was indeed unsigned in violation of the Fourth Amendment,[31] but contends that the search of Apartment #4 lacked Fourth

---

[29] *United States v. Ritter*, 752 F.2d 435, 441 (9th Cir. 1985).

[30] Docket 516 at 11.

[31] Docket 530-2 at 8. Note that Mr. Hampton also asserts that the lack of signature violates Alaska Rule of Criminal Procedure 37(a)(1). Docket 516 at 10-11. The Government acknowledges that Sgt. Noll's failure to sign the affidavit does indeed violate Alaska law, which requires a search warrant to be issued only on a sworn affidavit. *See* Docket 530-2 at 26-27 (quoting Alaska R. Crim. 37(a)(1)). Because "[t]he [exclusionary] rule's sole purpose . . . is to deter future Fourth Amendment violations," *Davis v. United States*, 564 U.S. 229, 236-37 (2011), the Court briefly addresses Alaska law. Under Alaska law, "suppression of evidence will be justified as a result of improper execution of a warrant only if the defendant was actually prejudiced or if non-compliance was intentional." *Gallagher v. State*, 651 P.2d 1185, 1186-87 (Alaska Ct. App. 1982). Because there is no evidence of intentional noncompliance or prejudice here, *see* discussion *infra* pp. 9-10, 13, Alaska law does not require suppression of the warrant. The Court further notes that—other than his failure to sign the affidavit—Sgt. Noll properly followed Alaska law in executing the warrant. Alaska Rule of Criminal Procedure 37(a)(1) provides that "[a] search warrant authorized by law shall issue only on affidavit sworn to before . . . any person authorized to take oaths under the law of the state. . . ." Pursuant to Alaska law, a notary public is authorized to administer oaths and affirmations, Alaska Stat. § 44.50.060, and "[a] judicial officer may issue a search warrant upon the . . . sworn affidavit transmitted by facsimile machine," Alaska Stat. § 12.35.015(a). Here, the notary public attested that he had administered an oath, Sgt. Noll emailed the warrant and affidavit to the state court, and then the judge signed it, all of which is in compliance with the Alaska rule—apart from the lack of signature. Docket 530-3 at 9; Docket 530-4 at ¶¶ 4, 5.

Case No. 3:22-cr-00084-SLG-MMS-2, *U.S. v. Hampton*
Order re Defendant's Motion to Suppress
Page 6 of 13

Case 3:22-cr-00084-SLG-MMS    Document 577    Filed 11/04/24    Page 6 of 13

Amendment protection[32] and that, in any case, the unsigned warrant is shielded from suppression by the good faith exception.[33]

As noted above, the Fourth Amendment requires warrants to be issued upon probable cause[34] and to be supported by oath or affirmation.[35] "Thus, where a warrant is issued unsupported by oath or affirmation, it is invalid under the Fourth Amendment."[36] The exclusionary rule provides that "evidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of the illegal search and seizure."[37]

However, there is a *Leon* good faith exception to the exclusionary rule.[38] Evidence that was not obtained through deliberate, reckless, recurring, systemic

---

[32] The Government asserts that Mr. Hampton cannot challenge the search of Apartment #4 because Mr. Hampton did not have reasonable expectation of privacy in the apartment. Docket 530-2 at 9 (quoting *Rakas v. Illinois*, 439 U.S. 128, 143 (1978)) ("[C]apacity to claim the protection of the Fourth Amendment depends not upon a property right in the invaded place but upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place."). A previous Report and Recommendation by Magistrate Judge Matthew M. Scoble addressed this question. Docket 126 at 5 ("Here, nothing in the record indicates that Hampton had a reasonable expectation of privacy in apartment #4"); *see also* Docket 158 (adopting the Report and Recommendation at Docket 126). The Court does not address this question here since it finds that the good faith exception saves the evidence from suppression under the Fourth Amendment in any case.

[33] Docket 530-2 at 8.

[34] This suppression motion does not appear to dispute the existence of probable cause. *See* Docket 516.

[35] U.S. Const. amend. IV.

[36] *United States v. Vargas-Amaya,* 389 F.3d 901, 904 (9th Cir. 2004).

[37] *United States v. Calandra*, 414 U.S. 338, 347 (1974).

[38] *United States v. Leon*, 468 U.S. 897, 919 (1984); *see also Herring v. United States*, 555 U.S. 135, 144 (2009).

Case No. 3:22-cr-00084-SLG-MMS-2, *U.S. v. Hampton*
Order re Defendant's Motion to Suppress
Page 7 of 13
Case 3:22-cr-00084-SLG-MMS    Document 577    Filed 11/04/24    Page 7 of 13

or grossly negligent conduct may be excused from suppression pursuant to the good faith exception.[39] An isolated mistake, or "[a]n error that arises from nonrecurring and attenuated negligence is . . . far removed from the core concerns that led [to the adoption of the exclusionary] rule," and the good faith exception allows evidence obtained through such an isolated mistake to avoid suppression.[40] The good faith exception applies when an officer's reliance on a subsequently invalidated search warrant is objectively reasonable.[41]

The Court finds that the good faith exception saves this unsigned warrant from suppression. Other circuits have explicitly applied the good faith exception to unsigned affidavits,[42] and the Ninth Circuit has applied the good faith exception under similar circumstances.[43] Here, there is sufficient evidence to show that the

---

[39] *Herring v. United States*, 555 U.S. 135, 144 (2009).

[40] *Herring v. United States*, 555 U.S. 135, 144 (2009).

[41] *United States v. Leon*, 468 U.S. 897, 922 (1984).

[42] *See e.g.*, *United States v. Hessman,* 369 F.3d 1016, 1018, 1022-23 (8th Cir. 2004) (applying the good faith exception to an unsigned and unsworn search warrant); *United States v. Richardson,* 943 F.2d 547, 548, 550–51 (5th Cir. 1991) (applying the good faith exception where an AUSA read an officer's unsigned affidavit to the magistrate judge over the phone and the magistrate judge never placed the AUSA under oath before issuing the warrant).

[43] *See United States v. Kurt*, 986 F.2d 309, 311 (9th Cir. 1993) (applying the good faith exception where the judge instructed the officer to change the address on the warrant without placing the officer under oath); *United States v. Negrete-Gonzales*, 966 F.2d 1277, 1282-83 (9th Cir. 1992) (applying the *Leon* good faith exception where the agents read the supporting affidavit to the judge and the judge instructed them to complete a warrant and sign his name to it). In both *Kurt* and *Negrete-Gonzales*, the Ninth Circuit emphasized that it was the judge, rather than the officer, who made the error, which was deemed important since the exclusionary rule seeks to deter unlawful conduct by the police, rather than to punish errors of judges. *Kurt*, 986 F.2d at 311; *Negrete-Gonzales*, 966 F.2d at 1283. However, the fact that it was Sgt. Noll and not the state court judge who failed to sign the affidavit is not sufficient to distinguish these facts from Ninth Circuit caselaw because "[i]t is the magistrate's responsibility to . . . issue a warrant comporting in form with the requirements of the Fourth Amendment[,]" and thus the officer's failure to sign

Case No. 3:22-cr-00084-SLG-MMS-2, *U.S. v. Hampton*
Order re Defendant's Motion to Suppress
Page 8 of 13
Case 3:22-cr-00084-SLG-MMS   Document 577   Filed 11/04/24   Page 8 of 13

lack of signature was a good faith isolated mistake, and thus that the warrant should be excused from suppression by the good faith exception. An August 22, 2024 sworn declaration from Sgt. Noll avers that his "failure to sign the affidavit was an inadvertent mistake of omission," that "[t]o the best of [his] knowledge and recollection, this is the only instance in which [he is aware that he] failed to properly sign an affidavit in support of a search warrant," and that he did not know he had forgotten to sign the affidavit until he received an email from the Government on August 20, 2024.[44] The other six executed warrants in this case all had affidavits that were properly signed, which further underscores the isolated nature of the mistake.[45] Moreover, there seems to be "no possible advantage in Sgt. Noll going to the trouble of preparing a typewritten affidavit, having it notarized, and then sending it to a judge for review, while deliberately refusing to sign it himself."[46]

None of the four exceptions to the *Leon* rule apply here.[47] First, the judge was not misled by information that the affiant knew was false; Sgt. Noll has declared that his failure to sign the affidavit was inadvertent,[48] and Mr. Hampton does not otherwise contest the veracity of the underlying information in the

---

was also the state judge's failure to ensure that the warrant was in compliance. *United States v. Leon*, 468 U.S. 897, 921 (1984).

[44] Docket 530-4 at ¶¶ 4, 9, 11.

[45] *See* Docket 530-5; Docket 530-6; Docket 530-7; Docket 530-8; Docket 530-9; Docket 530-10.

[46] Docket 530-2 at 15.

[47] *See United States v. Leon*, 468 U.S. 897, 923 (1984) (outlining the four exceptions).

[48] *See* Docket 530-4 at ¶¶ 4, 9, 11.

Case No. 3:22-cr-00084-SLG-MMS-2, *U.S. v. Hampton*
Order re Defendant's Motion to Suppress
Page 9 of 13
Case 3:22-cr-00084-SLG-MMS   Document 577   Filed 11/04/24   Page 9 of 13

warrant.[49]  Second, the issuing judge did not wholly abandon his judicial role; Judge Clark's apparent error in failing to notice that the warrant was unsigned was not a failure of "neutrality and detachment" condemned by the Supreme Court,[50] but was rather appears to be an isolated oversight.  Third, the affidavit is not so lacking in probable cause so as to render it unreasonable; the suppression motion does not dispute the existence of probable cause,[51] and the warrant contains a detailed description of the events tying the drug parcel to Apartment #4 and to Mr. Hampton.[52]  And fourth, the warrant is not so facially deficient that it could not have been reasonably presumed valid; circuits are in agreement that facial deficiency is related to matters of substance—such as the existence of probable cause—and that a warrant with an error consisting of a lack of signature does not fail for facial deficiency.[53]

---

[49] *See* Docket 516.

[50] *See United States v. Leon*, 468 U.S. 897, 914, 923 (1984) (quoting *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 326-27 (1979)).

[51] *See* Docket 516.

[52] *See* Docket 530-3 at 7-8.

[53] *See e.g.*, *United States v. Kelley*, 140 F.3d 596, 602-03 (5th Cir. 1998) (holding that an unsigned and undated warrant was not facially deficient "[b]ecause the objective criteria for the search warrant—probable cause—existed and the warrant was flawed only due to the inadvertence of the magistrate"); *United States v. Moore*, 968 F.2d 216, 223 (2d Cir. 1992) ("[T]he lack of an oath or affirmation by the presenting officer did not destroy the warrant's facial validity."); *United States v. Hessman*, 369 F.3d 1016, 1021 (8th Cir. 2004) (citing *United States v. Thomas,* 263 F.3d 805, 808-09 (8th Cir. 2001)) ("We previously found *Leon* applicable even when a facially obvious error[—the   address on the warrant being different from the address in the affidavit—]exists on a warrant."); *United States v. Richardson,* 943 F.2d 547, 548, 550 (5th Cir. 1991)  (noting that the lower court's decision to suppress an unsigned and unsworn affidavit was not based on a finding that it was "facially deficient in some way").

Case No. 3:22-cr-00084-SLG-MMS-2, *U.S. v. Hampton*
Order re Defendant's Motion to Suppress
Page 10 of 13
Case 3:22-cr-00084-SLG-MMS    Document 577    Filed 11/04/24    Page 10 of 13

## II. Suppression is not Required for the Potential Violation of the Federal Rules

Mr. Hampton next contends that the warrant did not comply with Federal Rule of Criminal Procedure 41.[54] The Government insists that because the warrant was a state and not a federal warrant, it was not required to comply with the federal rule.[55] To support this, the Government asserts that "Rule 41 applies only when a search is 'federal in character[,]'" and that "a search is federal if from the beginning it was assumed a federal prosecution would result."[56] "The mere fact that evidence obtained by state officers, under a state warrant, based upon violations of state law, is used in a federal prosecution does not invoke the requirements of Rule 41."[57] Because the "troopers were state law enforcement officers, and they sought the warrants in furtherance of an investigation into state law violations alone," the Government maintains, the warrant was not required to comply with federal rules.[58]

The Court finds that it need not address whether the federal rules apply for its determination that the warrant should not be suppressed. The settled rule in the Ninth Circuit is that:

> Only a "fundamental" violation of Rule 41 requires automatic suppression, and a violation is "fundamental" only where it, in effect,

---

[54] Docket 516 at 20.

[55] Docket 530-2 at 27.

[56] Docket 530-2 at 27-28 (first quoting *United States v. Artis*, 919 F.3d 1123, 1130 (9th Cir. 2019); then quoting *United States v. Palmer*, 3 F.3d 300, 303 (9th Cir. 1993)).

[57] Docket 530-2 at 27 (quoting *United States v. Crawford*, 657 F.2d 1041, 1046 (9th Cir. 1981)).

[58] Docket 530-2 at 28.

Case No. 3:22-cr-00084-SLG-MMS-2, *U.S. v. Hampton*
Order re Defendant's Motion to Suppress
Page 11 of 13
Case 3:22-cr-00084-SLG-MMS   Document 577   Filed 11/04/24   Page 11 of 13

renders the search unconstitutional under traditional fourth amendment standards. Where the alleged violation is not fundamental, suppression is mandated only where: (1) There was prejudice in that the search might not have occurred or would not have been so abrasive if the Rule had been followed; or (2) there is evidence of intentional and deliberate disregard of a provision of the Rule.[59]

Federal rules require the *judge* to place the applicant for a search warrant under oath.[60] Here, Sgt. Noll was placed under oath by the notary public, rather than by Judge Clark.[61] However, this procedure complies with the Fourth Amendment, which requires only that the warrant be "supported by Oath or affirmation."[62] Therefore, this was not a "fundamental" violation of Rule 41, and automatic suppression is not required. The two exceptions identified for non-fundamental violations are not met here, either. First, there was no prejudice; Judge Clark did review and approve the affidavit himself.[63] And second, there is no evidence of

---

[59] *United States v. Ritter*, 752 F.2d 435, 441 (9th Cir. 1985) (internal quotation marks omitted) (citations omitted) (quoting *United States v. Johnson,* 660 F.2d 749, 753 (9th Cir.1981), *cert. denied,* 455 U.S. 912 (1982)).

[60] Fed. R. Crim. P. 41(d)(3) ("In accordance with Rule 4.1, a magistrate judge may issue a warrant based on information communicated by telephone or other reliable electronic means."); Fed. R. Crim. P. 4.1(b)(1) ("The judge must place under oath—and may examine—the applicant and any person on whose testimony the application is based.").

[61] Docket 530-3 at 9; Docket 530-4 at ¶ 6.

[62] Note that even where a warrant is entirely unsupported by oath in violation of the Fourth Amendment, the good faith exception can serve to protect the warrant from suppression. *See e.g.*, *United States v. Kurt*, 986 F.2d 309, 311 (9th Cir. 1993) (applying the good faith exception where the judge instructed the officer to change the address on the warrant without placing the officer under oath); *United States v. Dodds*, 668 F. App'x 771, 771 (9th Cir. 2016) (applying the good faith exception to an unrecorded oral affidavit); *United States v. Richardson,* 943 F.2d 547, 550–51 (5th Cir. 1991) (applying the good faith exception where the magistrate judge never placed the AUSA under oath before issuing the warrant).

[63] Docket 530-3 at 3.

Case No. 3:22-cr-00084-SLG-MMS-2, *U.S. v. Hampton*
Order re Defendant's Motion to Suppress
Page 12 of 13
Case 3:22-cr-00084-SLG-MMS    Document 577    Filed 11/04/24    Page 12 of 13

intentional or deliberate disregard of the rules; instead, there is evidence that, apart from omitting his signature, Sgt. Noll followed state law in what was, at that point, an investigation into a violation of state law.[64]

## CONCLUSION

For the foregoing reasons, the Motion to Suppress at Docket 516 is **DENIED**.

DATED this 4th day of November 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[64] Docket 530-4 at ¶ 3; Docket 530-3 at 1 (warrant noting potential violation of Alaska Stat. §12.35.020).

Case No. 3:22-cr-00084-SLG-MMS-2, *U.S. v. Hampton*
Order re Defendant's Motion to Suppress
Page 13 of 13
Case 3:22-cr-00084-SLG-MMS    Document 577    Filed 11/04/24    Page 13 of 13